# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 1:19-cr-015-DAD-BAM |
|---|---|
| Plaintiff, | ORDER DENYING MOTION FOR SUBSISTENCE COSTS AND DENYING WITHOUT PREJUDICE MOTION FOR TRANSPORTATION COSTS |
| v. | |
| ERASMO VILLEGAS-SUAREZ, | **Doc. 424** |
| Defendant. | |

Defendant Erasmo Villegas-Suarez has requested travel expenses for transportation from Bakersfield to Fresno and for subsistence expenses while in Fresno for the scheduled two-week trial starting on September 9, 2019, citing 18 U.S.C. § 4285.

**Request for Subsistence**

18 U.S.C. § 4285 provides that when an indigent defendant is released pending a court appearance, a judge "may, when the interests of justice would be served thereby" direct the Marshal to arrange for or pay for transportation "to the place where his appearance is required" and "furnish [defendant] with an amount of money for subsistence expenses to [her] destination, not to exceed the amount authorized as a per diem allowance for travel under section 5702(a) of title 5, United States Code." Section 4285 authorizes only an order directing the Marshal to transport defendants to court. It does not provide judicial authority to require payment for lodging or food during a trial. The legislative history of § 4285 authorizes the

payment of subsistence expenses "for the time during which the defendant is actually travelling." See H.R.Rep. No. 95–1653, 95th Cong., 2d Sess. at 3 (1978), U.S.Code Cong. & Admin.News 1978, pp. 3732, 3733 ("Subsistence shall terminate upon arrival at the defendant's destination and shall not continue throughout the defendant's stay at that destination."). Courts within this Circuit and outside of this Circuit have concluded that § 4285 does not authorize the United States Marshals Service to provide subsistence expenses to a defendant for lodging during a trial, nor for travel back to his or her residence. *United States v. Ibarra*, No. 13-CR-3170-GPC, 2014 WL 4352063, at *2 (S.D. Cal. Sept. 2, 2014); *United States v. Centeno*, No. 09CR3120–L, 2009 WL 3334144, at *1 (S.D.Cal.2009) (one way transportation and subsistence during transportation, not general subsistence, authorized); *United States v. James*, 762 F.Supp. 1, 2 (D.D.C.1991) ("while the statute authorizes payment to travel to the court, once at the site of the court, the statute does not authorize payment of subsistence during the course of the trial or hearing"); *United States v. Haley*, 504 F.Supp. 1124, 1129 (E.D.Pa.1981) ("[T]he statute does not authorize subsistence funding for defendants once they arrive at the place of trial and during trial, which could be extended."); *United States v. Sandoval,* 812 F.Supp. 1156, 1157 (D.Kan.1993) ("[W]hile the court may require the Marshal to provide money for subsistence during transit, this statute does not authorize the court to enter an order requiring the Marshal to provide money for subsistence upon reaching [the place of trial.]").

The request for subsistence during the scheduled trial is DENIED.

**Transportation Costs from Bakersfield to Fresno**

The statute places the onus on the defendant to demonstrate that he "is financially unable to provide the necessary transportation." Establishing financial unable to provide the necessary transportation is an especially heavy burden. See *U.S. v. Forest,* 597 F.Supp.2d 163, 165 (D.Me. 2009). The fact that a defendant may be indigent for purposes of appointment of counsel is a different standard than under 18 U.S.C. § 4285. A person might not be able to pay for her own lawyer, but maybe able to pay for gas to travel. Section 4285 provides that when an indigent defendant is released pending a court appearance, a judge may direct the United States Marshal to arrange for or pay for transportation to the place where his appearance is required

and furnish defendant with an amount of money for subsistence expenses to her destination, only authorizes the payment of subsistence expenses for the time during which the defendant is actually traveling. In *United States v. Forest*, 597 F.Supp.2d 163, 165 (D.Me.2009), the court stressed the "especially heavy" nature of the burden a defendant must satisfy to qualify as financially unable to provide for his or her own transportation.

The statute requires the Court to conduct an "appropriate inquiry" into Defendant's financial condition. Here, Counsel submitted a motion with no supporting declaration from Defendant for the Court to conduct an "appropriate inquiry." Accordingly, the motion for transportation costs is DENIED without prejudice.

IT IS SO ORDERED.

Dated: **September 3, 2019**     /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE